UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Everardo Valencia | Daniel Alderman |

**Proceedings:**     DEFENDANT CITY OF SAN FERNANDO'S MOTION FOR SUMMARY JUDGMENT (Dkt. 43, filed March 16, 2017)

## I.     INTRODUCTION

On July 15, 2015, plaintiff Rosa Maria Castro filed this action against defendants the San Fernando Police Department ("SFPD"), the City of San Fernando ("City"), Interim Chief of Police Robert Parks, and Does 1–100 in Los Angeles County Superior Court. Dkt. 1, Ex. A. Plaintiff asserts claims against defendants for: (1) deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) supervisory liability in violation of 42 U.S.C. § 1983; (3) deprivation of civil rights under Monell; (4) deprivation of civil rights in violation of the Bane Act, Cal. Civ. Code § 52.1; (5) gross negligence and negligence per se; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) respondeat superior liability. Id. Each of plaintiff's claims is premised on her allegation that, while she was in SFPD custody, an unidentified police officer instructed her to disrobe and then took inappropriate photographs of her with his mobile phone. See generally id. Plaintiff contends that these photographs served no investigatory purpose, but rather were taken solely for the officer's personal enjoyment. Id.

On December 10, 2015, defendants removed this action to this Court on the basis of federal question jurisdiction. Dkt. 1.

On May 4, 2016, the Court dismissed Robert Parks without prejudice for lack of prosecution. Dkt. 15. On May 9, 2016, the Court denied the City's motion to dismiss plaintiff's complaint. Dkt. 18.

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 | |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | | |

On March 16, 2017, the City filed the instant motion for summary judgment. Dkt. 43 ("MSJ"). On March 24, 2017, the Court continued the hearing date for the City's motion so that plaintiff could have 90 additional days to conduct further discovery. Dkt. 46. Plaintiff filed an untimely opposition on July 17, 2017, dkt. 53 ("Opp'n), and the City filed its reply on July 20, 2017, dkt. 54 ("Reply").[1]

The Court held oral argument on July 31, 2017. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The following facts are not in dispute, except where otherwise noted.

On the night of April 20, 2014, plaintiff was arrested for vandalizing her ex-boyfriend's vehicle following a fight. Dkt 43-2, City's Statement of Uncontroverted Facts ("City SUF") at no. 1; Plaintiff's Statement of Uncontroverted Facts ("Pl. SUF") at No. 1.[2] Following her arrest, SFPD Desk Officer Javier Ruvalcaba, who served as the jailer, took plaintiff's fingerprints and booking photographs. City SUF at no. 2; Pl. SUF at No. 2.

Plaintiff testified that she was placed in a jail cell between 2:00 and 3:00 a.m. and that, approximately two hours later, a uniformed officer entered her cell. Dkt. 43-1, Declaration of Daniel S. Alderman ("Alderman Decl."), Ex. B, City's Deposition of Rosa Maria Castro ("City Castro Depo.") at 30:20–25; 31:21–22. According to plaintiff, the officer appeared to be Latino and spoke perfect Spanish, he was of "medium" build and taller than plaintiff, and had a black beard with "a fairly good amount of beard hair." Id. at 33:7–34:12. Plaintiff reaffirmed that the officer had a beard. Id. at 42:17–18.[3]

---

[1] Plaintiff's opposition was due on July 10, 2017 and was thus untimely. See C.D. Cal. L.R. 7-9. Nonetheless, the Court in its discretion will consider plaintiff's opposition.

[2] Plaintiff's Statement of Uncontroverted Facts begins on page 8 of her opposition to the City's motion. See Opp'n at 8.

[3] The City objects to and disputes the relevance of Officer Saul Garibay's testimony as to whether there is a Spanish translation for "five o'clock shadow." See Reply at 4–5; Opp'n, Ex. C, Deposition of Saul Garibay ("Garibay Depo") 19:13–21:9.

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 | |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | | |

Plaintiff testified that the officer entered plaintiff's cell, directed her to get up and undress, and proceeded to take photographs of her breasts and genitals using his cellphone. Id. at 35:1–23; Alderman Decl., Ex. D, Plaintiff's Responses to Interrogatories at no. 1.

Plaintiff testified repeatedly that the officer who photographed her was *not* one of the officers who arrested her or her ex-boyfriend, and was *not* the jailer who took her fingerprints. City Castro Depo. at 27:10–20; 31:8–17 ("It wasn't the person who arrested me, and it wasn't the person who took my fingerprints."); dkt. 53, Ex. A, Plaintiff's Deposition of Rosa Maria Castro ("Pl. Castro Depo.") at 40:12–42:12 (reviewing photographs of six SFPD officers and concluding that none were officer in question); Pl. SUF at no. 12.

SFPD Chief Anthony Vairo asserts that only four officers were on duty on April 20 and 21, 2014—the time when the incident occurred—and all four were involved in the arrest of plaintiff and her ex-boyfriend.[4] Dkt. 43-1, Ex. A, Declaration of Anthony Vairo ("Vairo Decl.") ¶¶ 4–5. The only other person on duty that night was the jailer. Id. Plaintiff disputes these facts, see Pl. SUF at nos. 10–11, and points to the deposition testimony of Officer Saul Garibay. However, Garibay testified that there were no female officers on duty on April 20, 2014 and that he "gave [] the name of the three officers that

Garibay was the sergeant and supervising officer during the night that plaintiff was in custody. Opp'n, Ex. B, Deposition of Nichole Hanchett ("Hanchett Depo.") at 14:5–16:19. There is no evidence in the record suggesting that the officer in question had a "five o'clock shadow." The Court therefore declines to address this issue.

[4] Plaintiff repeatedly objects to the admissibility of Vairo's declaration because "Vairo was never declared a witness or capable of testifying as to the facts of the arrest, detention and photographing of Plaintiff and furthermore never mentions that he is the custodian of records for dress regulations." See Pl. SUF at nos. 10, 11, 13, 16, 18–27. The Court first notes that, in Vairo's declaration, he does not make any statements regarding the facts of the arrest, plaintiff's detention, or the photographing of plaintiff. Plaintiff's other grounds for objecting have no basis in the Federal Rules of Evidence. Plaintiff's objections are thus overruled.

| | **CIVIL MINUTES – GENERAL** | | **'O'** **JS-6** |
|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | |

were on duty, and they're all males." Garibay Depo. at 11:9–13.[5] Lieutenant Nichole Hanchett also appears to have testified that there were four officers on duty. Dkt. 53, Ex. B, Hanchett Depo. at 16:21–24 (Plaintiff's counsel asked Hanchett: "Okay. So we know that Saul Garibay was there, and there were three other officers. And who were the three other officers?").[6] Moreover, plaintiff later asserts that Garibay stated that four officers were working at the time of her arrest and detention, thus contradicting her earlier statement. Compare Pl. SUF at no. 11 ("It was three officers") with Pl. SUF at no. 16 ("Garibay indicated at least 4 officers").

The SFPD has a policy that prohibits sworn officers and civilian officers from having beards and this policy was in place at the time of plaintiff's arrest and detention in 2014. Vairo Decl. ¶ 6.[7] Vairo states that he is familiar with the personnel who were working at the time of plaintiff's arrest and detention and that none of the officers or personnel in the station had a beard or would have been permitted to have a beard. Id. ¶ 7.

Each cell, including the booking cell, has a functioning camera that is clearly visible in the ceiling. Id. ¶ 9.[8] Accordingly, Vairo states that all officers and station

---

[5] Plaintiff does not provide Garibay's complete deposition testimony, but it appears that he identified three other officers on duty on April 20, 2014, in addition to himself.

[6] Plaintiff does not provide Hanchett's complete disposition testimony, but it appears from counsel's question that she had earlier testified that there were four officers on duty.

[7] Plaintiff states that she has attached "photographs from social media" showing that police officers, in fact, have facial hair. Pl. SUF at nos. 18–19. However, plaintiff has not attached such photographs to her statement of facts and has not otherwise produced such evidence to the Court.

[8] Plaintiff denies this fact and refers the court "to documents produced by verification indicating that Information Technology (IT) contract that it would be monitored 24 hours 7 days a week, 365 days and Defendants failed to produce any video, audio, photographs or a combination thereof indicating that on that day the cameras where [sic] not functioning." Pl. SUF at no. 22. Plaintiff later refers the court to "the IT technician Deposition." Id. at no. 24. However, plaintiff has not attached to her

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 | |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | | |

personnel are aware that the cells have working cameras and would know that they would be recorded if they entered the cell. Id. ¶ 10. At the time of the alleged incident, the SFPD maintained videos for thirty days. Id. ¶ 12. Plaintiff's counsel was made aware of this fact because Vairo was deposed in another case involving plaintiff's counsel. Id.[9] The City did not become aware of plaintiff's claims regarding her detention until "the government claim" was submitted in August 2014. Id. ¶ 14. As a result, video from the alleged incident in April 2014 was not preserved. Id. ¶ 15.

In her statement of facts, plaintiff asserts for the first time that, "after reviewing multiple photographs of the police officers, after her cooling off period [she] indicates that she believes that said officer is Hector Torres." Pl. SUF at no. 28. Plaintiff does not cite any evidence for this allegation, which is made only in her statement of facts, not in a sworn declaration or in deposition testimony.[10]

---

statement of facts or otherwise produced to the Court any documents related to IT, an IT technician deposition, or a contract regarding the monitoring of the cells. There is no indication of what such documents contain, or that such documents exist. Plaintiff has only provided the following evidence: excerpts of plaintiff's deposition, excerpts of Hanchett's deposition, excerpts of Garibay's deposition, excerpts of Ruvalcaba's deposition, and a copy of the jail log sheet. See Opp'n, Exs. A–E.

[9] Plaintiff denied that her counsel was made aware of the SFPD's retention policy and refers the Court to "the IT technician Deposition" and a "previous deposition taken in the case of *Hamarillo v. SFPD*." Plaintiff has not produced any such evidence to the Court.

[10] Thus, plaintiff's new accusation is not evidence. See Orff v. United States, No. 93-cv-5327-OWW-SMS, 1999 WL 33945647, at *4 n.7 (E.D. Cal. Sept. 27, 1999) ("The statement of facts is not evidence."); Doeblers' Pennsylvania Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006), as amended (May 5, 2006) ("[P]laintiff cites almost exclusively to the 'Concise Statement of Undisputed Facts' it submitted to the District Court in support of its motion for summary judgment. This submission is not evidence[.]"); Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) ("[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the

| | CIVIL MINUTES – GENERAL 'O' JS-6 | | |
|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | |

## III. LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.").

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper

---

statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion.").

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 | |
|---|---|---|---|---|---|
| Case No. | 2:15-cv-09534-CAS(RAOx) | | Date | July 31, 2017 | |
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | | | |

when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## VI.    DISCUSSION

Each of plaintiff's eight claims relies on her allegations that an SFPD officer took photographs of plaintiff during her detention without her consent and for no legitimate law enforcement purpose.

Plaintiff testified that person who allegedly took the inappropriate photographs was not one of the officers who arrested her or the jailer on duty during the night of her detention.  City Castro Depo. at 27:10–20; 31:8–17; Pl. Castro Depo. at 40:12–42:12. SFPD Chief Vairo has provided a sworn statement that the only SFPD personnel on duty at the time of the alleged incident were the four officers who arrested plaintiff and her ex-boyfriend, and the jailer.  Vairo Decl. ¶ 5.  Plaintiff testified that the person who photographed her had a black beard with "a fairly good amount of beard hair" and that she was "sure" the person had a beard.  City Castro Depo. at 33:7–34:12; 42:17–18. Vairo states that SFPD policy prohibits any sworn officer or civilian officer from having a beard, that this policy was in place in April 2014, and that none of the officers or personnel in the station on the night of the incident had a beard or would have been permitted to have a beard.  Vairo Decl. ¶¶ 6–7.  Taken together, the evidence demonstrates that (a) the person who allegedly took the improper photographs was not the jailer or one of the officers on duty on the night of the incident; and (b) given the SFPD's facial hair policy, it is more probable than not that the person who allegedly took the photographs was not an SFPD officer.  Plaintiff has not introduced any evidence to the contrary.  Plaintiff has not introduced photographic evidence, or any other evidence that supports her contentions that photographs were taken.  Indeed, plaintiff has not offered *any* admissible evidence, apart from her self-serving testimony, that supports the facts alleged in her complaint.  The Ninth Circuit "has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony." Villirimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quotation marks omitted).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.  Thus, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Id. (quotation

**CIVIL MINUTES – GENERAL**     **'O'**    **JS-6**

| Case No. | 2:15-cv-09534-CAS(RAOx) | Date | July 31, 2017 |
|----------|--------------------------|------|---------------|
| Title | ROSA MARIA CASTRO v. SAN FERNANDO POLICE DEPARTMENT ET AL. | | |

marks omitted).  Based on evidence in the record, the Court concludes that no rational trier of fact would be able to find for plaintiff on any of her claims.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the City's motion for summary judgment as to each of plaintiff's claims.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |